IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLOTTE LANGLEY | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:10cv281-HSO-JMR |
| | § | |
| BOBINGER REALTY GROUP, | § | |
| LLC, *doing business as* CENTURY | § | |
| TWENTY-ONE BOBINGER | § | |
| NARON & ASSOCIATES, *et al.* | § | DEFENDANTS |
| | § | |
| GLORIA N. HOLCOMB | § | COUNTER-PLAINTIFF |
| | § | |
| v. | § | |
| | § | |
| CHARLOTTE LANGLEY | § | COUNTER-DEFENDANT |

MEMORANDUM OPINION AND ORDER DISMISSING CASE WITHOUT
PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION

This matter is before the court *sua sponte* to consider its subject matter
jurisdiction over this case.  "Federal courts, both trial and appellate, have a
continuing obligation to examine the basis for their jurisdiction.  The issue may be
raised by parties, or by the court *sua sponte*, at any time." *MCG, Inc. v. Great
Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).  Rule 12(h)(3) of the
Federal Rules of Civil Procedure provides that "[i]f the court determines at any time
that it lacks subject-matter jurisdiction, the court must dismiss the action."  FED. R.
CIV. P. 12(h)(3).  For the following reasons, the Court concludes that it lacks subject
matter jurisdiction over this dispute.

I. BACKGROUND

Plaintiff filed her original Complaint [1] on June 22, 2010, invoking the
provisions of the Racketeer Influenced and Corrupt Organizations Act ["RICO"], 18

U.S.C. § 1961, *et seq.*, and the Mississippi Racketeer Influenced and Corrupt

Organization Act ["MRICO"], Mississippi Code § 97-43-1, *et seq.*  Plaintiff also

asserted "common law claims for breach of fiduciary duties, breach of contract,

misrepresentation, fraudulent inducement, negligence, wantonness, malpractice,

and conspiracy."  Compl., at p. 1.  Plaintiff stated that the Court possessed both

federal question jurisdiction under 28 U.S.C. § 1331, and diversity jurisdiction

pursuant to § 1332, over this matter.

      Certain Defendants sought dismissal of Plaintiff's RICO and MRICO claims

based upon Plaintiff's failure to file a RICO Statement, as required by L.U. Civ. R.

83.8.  On September 16, 2010, the Clerk of Court entered a Notice [38], requiring

Plaintiff to file her RICO Statement within 20 days.  On October 7, 2010, Plaintiff

filed a Motion for Additional Time [39] in which to submit her RICO Statement.

The Court granted this request as unopposed by Text Order on November 3, 2010,

allowing Plaintiff until November 12, 2010, to file her RICO Statement.  *See* Text

Order dated Nov. 3, 2010.  In light of this extension of time, the Court denied

without prejudice Certain Defendants' Motions to Dismiss, with leave to reassert

upon expiration of Plaintiff's deadline to file a RICO Statement.

      On November 12, 2010, Plaintiff instead moved to amend her Complaint "to

abandon and drop the RICO and MRICO claims and pursue the present cause of

action exclusively on the common law claims under the Court's diversity jurisdiction

pursuant to 28 U.S.C. § 1332."  Mot. to Amend Compl. [41], at p. 1.  The Court

granted Plaintiff's Motion by Text Order dated December 13, 2010, and Plaintiff

filed her Amended Complaint [42] the same date, asserting only state law claims.

## II. <u>DISCUSSION</u>

Subject matter jurisdiction goes to the Court's power to hear a case and cannot be waived. *See Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 411 (5th Cir. 2004). The Court therefore has a continuing obligation to examine the basis for its jurisdiction and must raise the issue *sua sponte* at any time it questions its jurisdiction. *See MCG, Inc.*, 896 F.2d at 173.

"Because the [Plaintiff's] amended complaint in this case neither makes reference to nor adopts any portion of the original complaint, jurisdiction must be judged solely on the allegations of the amended complaint." *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985). Since Plaintiff advances no federal claims in her Amended Complaint [42], she is deemed to have pleaded no basis for federal question jurisdiction. *See id.*; CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, 13D Fed. Prac. & Proc. Juris. § 3567 (3d ed.) (when an amendment to the complaint eliminates the original basis of federal jurisdiction, "the amended complaint supersedes the original complaint, and the case should be treated as though the plaintiff has pleaded no basis of federal jurisdiction. In such a case, retaining jurisdiction over the non-federal claims is improper.").

It then follows that if there is no basis for diversity jurisdiction in this case, the Court cannot exercise supplemental jurisdiction over Plaintiff's state law claims, and must dismiss this case for want of subject matter jurisdiction. *See, e.g.*,

*Semulka v. Moschell*, 2010 WL 4672813, \*1 (3d Cir. Nov. 18, 2010) (holding that, when plaintiff filed amended complaint, which raised only state law claims and which superseded original complaint, and when there is no basis for diversity jurisdiction, dismissal is proper for failure to state federal cause of action); *Wellness Cmty. Nat'l v. Wellness House,* 70 F.3d 46, 49-51 (7th Cir. 1995) (holding that, when original complaint raised both federal law and state issues, amended complaint dropped all federal claims and alleged only diversity jurisdiction, and plaintiff failed to establish requisite amount in controversy for diversity jurisdiction, case should be dismissed for want of jurisdiction because there was no federal claim to which state claims could be "supplemental").  "[P]laintiff must be held to the jurisdictional consequences of a voluntary abandonment of claims that would otherwise provide federal jurisdiction."  *Boelens*, 759 F.2d at 508.

    In both her Complaint [1] and Amended Complaint [42], Plaintiff asserts that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Compl. [1], at p. 1; Am. Compl. [42], at p. 1.  In both pleadings, Plaintiff identifies herself as a "citizen" of Mississippi.  Compl. [1], at p. 2 ("The Plaintiff, Charlotte Langley, is an adult born resident citizen of the State of Mississippi, who currently resides in the State of Louisiana."); Am. Compl. [42], at p. 1 ("The Plaintiff, Charlotte Langley, is an adult born non-resident citizen of the State of Mississippi, who currently resides in the State of Louisiana.").  Plaintiff likewise identifies various Defendants as Mississippi citizens.  Compl. [1], at pp. 2-5; Am. Compl. [42], at pp. 2-4.

    "[S]ection 1332(a)(1) demands diverse citizenship, not diverse residency."

-4-

*Nadler v. American Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985).  "For the purposes of diversity jurisdiction, the domicile of the parties, as opposed to their residence, is the key."  *Combee v. Shell Oil Co.*, 615 F.2d 698, 700 (5th Cir. 1980). Since the pleadings are clear that complete diversity of citizenship is not present, the Court has no independent subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  As the Court lacks subject matter jurisdiction, it has no basis to retain supplemental jurisdiction over the state law claims[1] or the counterclaim asserted by Defendant Gloria Holcomb against Plaintiff.[2]  The Court must therefore dismiss this case, but shall do so without prejudice.  Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, this case must be, and hereby is, **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SO ORDERED AND ADJUDGED**, this the 13th day of January, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

---

[1]  Even if the Court could exercise supplemental jurisdiction over Plaintiff's remaining state law claims, it would decline to do so, pursuant to 28 U.S.C. § 1367(c), because the federal question claim over which the Court arguably had original jurisdiction has been dismissed, and this litigation is in its infancy.

[2]  The counterclaim in this case does not present a federal claim.  However, even if it did, this would not provide a basis for federal jurisdiction.  *See Vaden v. Discover Bank,* 129 S. Ct. 1262, 1272 (2009).